UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WENDY COOPER,<br>　　*Plaintiff*, | )<br>)<br>) | |
| *vs.* | )<br>) | 1:10-cv-00804-JMS-DKL |
| THE CITY OF INDIANAPOLIS<br>　　*Defendant*. | )<br>)<br>)<br>) | |

## **ORDER**

Presently before the Court is Defendant's Motion for Summary Judgment, [dkt. 43], which the Court **DENIES** for the reasons that follow.

## I.
### STANDARD OF REVIEW

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56. To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. Fed. R. Civ. Pro. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

As the current version Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. Pro. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. Pro. 56(c)(1)(B). Affidavits or declarations must be

made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. Pro. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment. Fed. R. Civ. Pro. 56(e).

The Court need only consider the cited materials, Fed. R. Civ. Pro. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson v. Cambridge Indus.*, 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Id*. at 901.

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims or a defendant's affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999). And when evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial . . . against the moving party." *Celotex*, 477 U.S. at 330.

## II.
### BACKGROUND

The facts viewed in the light most favorable to the non-moving party are as follows. Plaintiff Wendy Cooper, a forty-two year old African American woman, is currently employed by the City of Indianapolis ("City") as a Senior Project Manager with the Department of Metropolitan Development ("DMD"). [Dkt. 44 at 1.] In spring of 2008, Ms. Cooper's direct

2

supervisor resigned from her position as Assistant Administrator, and Ms. Jennifer Fults assumed the duties of the vacant position while the City sought a replacement. [Dkt. 44 at 3-4.] Ms. Fults was the lead hiring official during the interviewing and replacement process. [*Id* at 5.]

During the summer of 2008, a grievance was filed against Ms. Cooper by a local citizen. [Dkt. 51 at 2.] According to Ms. Cooper, Ms. Fults never informed her of the grievance's allegations; rather, Ms. Fults only told her that following an investigation, the allegations were found to be untrue. [*Id*.] Ms. Cooper was never disciplined about the grievance. [*Id*. at 3.]

During the hiring process for the vacant Assistant Administrator position, Ms. Cooper was selected for an initial interview but was not afforded a second interview. [Dkt. 44 at 7-8.] The City ultimately hired Ms. Jenna Saunders, a twenty-six-year-old Caucasian woman and recent college graduate, to fill the Assistant Administrator position. [Dkt. 44 at 10-11.]

## III.
### DISCUSSION

Ms. Cooper has brought claims against her employer, the City of Indianapolis, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e)(2) *et seq*., and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C.S. § 621 *et seq*. [Dkt. 1-3 at 3-4.] The City now seeks summary judgment. [Dkt. 43.]

### A. The City's Evidentiary Objection to its EEOC Statements

Before reaching the merits of the City's summary judgment motion, the Court will first address the City's objection to evidence Ms. Cooper designates in opposition to the motion. In its reply brief, the City challenges Ms. Cooper's introduction of its prior statements to the Equal Opportunity Employment Commission ("EEOC"), arguing that those statements should be "stricken as inadmissible hearsay." [Dkt. 56 at 5.] The Court overrules the objection for multiple

reasons. First, because Ms. Cooper is offering the EEOC statements for impeachment purposes, not to prove the truth of any matter asserted within it, the statements do not fall under the definition of hearsay. FRE 801(c). Furthermore, even if the statements were hearsay, they would be admissible as statements by a party opponent under FRE 801(d)(2).[1]

The City argues against the reliability of an attorney-prepared statement written under its instruction, claiming that "the drafting attorney was not in any manner involved in the decision." [Dkt. 56 at 5.] On summary judgment, however, the Court is not permitted to make credibility determinations, and it is the non-moving party who is entitled to the benefit of all reasonable inferences. Ms. Cooper has offered admissible evidence, and that is all she is required to do. The amount of weight to afford the EEOC statements is a determination reserved for the trier of fact. *Schacht*, 175 F.3d at 504. The Defendant's objection is not one properly raised at summary judgment, and the Court therefore overrules it.

### B. Ms. Cooper's Discrimination Claim

Ms. Cooper alleges that the City discriminated against on the basis of age and race by not promoting her to the position of Assistant Administrator. [Dkt. 51 at 1.] To establish a prima facie case for discrimination, Ms. Cooper points to her qualifications and the fact that the person ultimately hired was not a member of either of the protected groups to which she belongs. [Dkt. 51 at 7.]

#### 1. Prima Facie Showing and Burden-Shifting Analysis

A failure-to-promote claim can be established through either the direct method of proof or the indirect, McDonnell Douglass burden-shifting method. *Fischer v. Avanade*, 519 F.3d 393,

---

[1] The City also attempts to challenge the authenticity of its own EEOC statements. However, such statements are self-authenticating under FRE 902, and the Court is puzzled by the City's decision to challenge the authenticity of its own document, lest the City suggest it misrepresented itself to the EEOC.

4

401 (7th Cir. 2008) (referencing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). The direct method requires a showing that the discriminatory conduct was related directly to the employment decision in question. *Hemsworth v. Quotesmith.com, Inc.,* 476 F.3d 487, 491 (7th Cir. 2007). Here, Ms. Cooper presents no direct evidence of race or age discrimination, nor does she contend that any exists. Therefore, she must prove her discrimination claim using the indirect method. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002).

When using the indirect method to establish a *prima facie* case in a failure-to-promote context, an employee must show:

> (1) [s]he belongs to a protected class;
> (2) [s]he applied for and was qualified for the position sought;
> (3) [s]he was rejected for the position; and
> (4) the employer granted the promotion to someone outside the protected group and not better qualified than the plaintiff.

*Fischer*, 519 F.3d at 402.

Once the employee establishes a prima facie case, the burden then shifts to the employer to present a legitimate non-discriminatory reason for the decision not to promote. *Id.* If the employer offers such an explanation, the burden then shifts back to the employee to show that the given reason was a mere pretext for unlawful discrimination. *Id*.

To establish pretext, the employee must show either that the employer was motivated by a discriminatory reason or that the employer's proffered reason is unworthy of credence. *Zaccagnini v. Chas. Levy Circulating Co.*, 338 F.3d 672, 676 (7th Cir. 2003) (internal citations omitted). Evidence that calls truthfulness into question precludes summary judgment. *Id.* (internal citations omitted). The Seventh Circuit has held that when an employer offers shifting reasons for the adverse employment action at issue, it may thereby create genuine issues of fact concerning pretext. *Id.*

### A. Prima Facie Case

Ms. Cooper has established her prima facie case for discrimination. It is undisputed that at the time of the hiring decision, Ms. Cooper was a forty-two-year-old African American woman and Ms. Saunders was a twenty-six-year-old Caucasian woman. [Dkts. 1-3 at 2 ¶ 11; 44 at 12, 14.] At issue between the parties is the fourth prong of the prima facie case – whether Ms. Cooper was as qualified as Ms. Saunders for the Assistant Administrator position.

Although the City points to Ms. Saunders' experience managing a budget of 2.7 million dollars, Ms. Cooper asserts that she had experience managing a budget of 3.3. million [dkt. 51 at 6], challenging the City's contention that she exhibited "reluctance to assume and perform the financial or budgetary duties" of the position and "lacked the necessary skill and desire" to perform the position's duties. [Dkt. 44 at 15.] Furthermore, Ms. Cooper points to Ms. Fults concession that Ms. Saunders lacked experience with local government in support of her position that Ms. Saunders was not a better qualified candidate. [Dkt. 51 at 6.] Allowing Ms. Cooper the benefit of all reasonable inferences, the Court concludes that she has made a prima facie case for discrimination.

### B. Legitimate, Nondiscriminatory Reason

Since Ms. Cooper has shown sufficient evidence to make a prima facie case of discrimination under the indirect method, the City of Indianapolis next carries the burden of articulating a legitimate, nondiscriminatory basis for hiring Ms. Saunders. In its statements to the EEOC, the City states that its decision not to promote Ms. Saunders was due to a grievance filed against her. [Dkt. 50-1 at 6.] In its brief supporting its motion for summary judgment, however, the City sets forth different reasons, including Ms. Cooper's management style, community interaction skills, and reluctance to perform financial or budgetary duties. [Dkt. 44

at 15.] Regardless of the City's lack of consistency in its explanation, it has proffered legitimate, nondiscriminatory reasons for its decision not to promote Ms. Cooper, thus satisfying its burden.

### C. Pretext

Following the City's proffer of a nondiscriminatory basis for its hiring decision, Ms. Cooper now bears the additional burden of demonstrating the potentially pretextual nature of the City's proffered reasons. *Fischer*, 519 F.3d at 402. She has satisfied that burden here.

Ms. Cooper points to the City's additions and changes to its proffered explanations for not promoting her as evidence suggesting pretext. [Dkt. 51 at 7-8.] Specifically, Ms. Cooper draws attention to the City's initial explanation to the EEOC that Ms. Saunders was "the most qualified of the remaining applicants," [dkt. 50-1 at 7], because Ms. Cooper's supervisor had received a grievance about her and "because of this specific performance issue, [Ms. Cooper] was not the most qualified for the position." [Dkt. 50-1 at 6.] Ms. Cooper then highlights the changes in the City's reasoning by its motion for summary judgment, in which it contends that Ms. Cooper "was not afforded a second interview based on her management style, community interaction skills, and reluctance to assume and perform the financial or budgetary duties and obligations of the Assistant Administrator position," and that she "lacked the necessary skill and desire to adequately and competently perform." [Dkt. 44 at 15.]

The City argues that its changing reasons do not preclude summary judgment because its "EEOC statement did not in any manner state or remotely intimate that [its] reason for not promoting Cooper was limited or based solely to this single issue [sic]," [dkt. 56 at 3]. However, the Court finds this argument unavailing because the inconsistencies here are not mere supplements of earlier statements, but rather unrelated, additional reasons not previously articulated to the EEOC. *See Johnson v. Nordstrom, Inc.,* 260 F3d. 727 (7th Cir. 2001) (finding

7

no pretext where an employer "simply supplemented its explanations in the context of EEOC charges and litigation . . . [and none of] its reasons [were] inconsistent or conflicting"). Indeed, the City's failure alone to fully address until summary judgment why Ms. Cooper did not receive the position raises credibility concerns. *See Fischer*, 519 F.3d at 407 (reversing a grant of summary judgment in part because Defendant failed to disclose its later-proffered reasons at an earlier opportunity to do so).

Finally, the reason initially provided by the City to the EEOC conflicts with Ms. Cooper's testimony about the resolution of the grievance filed against her. While the City initially stated that, "because of this specific performance issue," [dkt. 50-1 at 6], Ms. Cooper was not considered the most qualified for the position, Ms. Cooper maintains that the City concluded the allegations within the grievance were untrue, and neither counseled nor disciplined her on the matter. [Dkt. 51 at 2-3.] Ms. Cooper's testimony poses a direct challenge to the credence of the City's initially proffered reason, further supporting her argument that the City's stated reasons are pretextual. *Zaccagnini*, 338 F. 3d at 676.

For those reasons, the Court finds that the City's shifting reasons have given rise to genuine issues of fact concerning pretext. *Id.*; *see also O'Neal v. City of New Albany*, 293 F.3d 998, 1005-06 (7th Cir. 2002) (finding that the changed reasoning of the employer was sufficient to preclude summary judgment because a trier of fact could reasonably infer from that evidence that the defendants' proffered reasons were pretextual). Ms. Cooper has produced enough evidence to call into question the City's proffered justifications, and as a result the Court finds that a jury could determine the City's reasoning to be pretextual. Accordingly, Ms. Cooper's claim survives summary judgment.

## IV.
### CONCLUSION

Because Ms. Cooper has established a prima facie case for discrimination, and because genuine issues of triable fact exist regarding the City's proffered reasons for not promoting her, the Court **DENIES** Defendant's Summary Judgment Motion. [Dkt. 43.]

10/31/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution by ECF only:**

Cherry Malichi
LEE COSSELL KUEHN CROWLEY & TURNER LLP
127 East Michigan Street
Indianapolis, IN 46204
cmalichi@nleelaw.com

Gregory P. Gadson
LEE COSSELL KUEHN CROWLEY & TURNER LLP
127 East Michigan Street
Indianapolis, IN 46204
ggadson@nleelaw.com

Alexander Phillip Will
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
200 E. Washington Street
1601 City-County Building
Indianapolis, IN 46204
awill@indygov.org

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
200 E. Washington Street

1601 City-County Building
Indianapolis, IN 46204
jhaley@indy.gov

Mark John Pizur
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
200 E. Washington Street
1601 City-County Building
Indianapolis, IN 46204
mark.pizur@indy.gov